UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SOUTH MARKET DISTRICT C, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 24-1603 |
| SADDLES BLAZIN, LLC | * | SECTION "G" (2) |

### ORDER AND REASONS

Pending before me is Defendant Saddles Blazin, LLC's Motion to Compel Sufficient Discovery Responses.  ECF No. 19.  Plaintiff South Market District C, LLC filed an Opposition Memorandum, and Saddles Blazin filed a Reply Memorandum.  ECF Nos. 27, 28.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

Plaintiff filed suit for declaratory judgment, damages, and eviction alleging that Defendant defaulted on its lease obligations to continuously, actively, and diligently conduct and carry on business in the leased premises when it notified Plaintiff of its closure on or about January 5, 2024. ECF No. 1-1 ¶¶ 8–12.  After removal, Chief Judge Brown issued a scheduling order establishing a May 19, 2025 discovery deadline and trial date of August 4, 2025.  ECF No. 13.

Defendant seeks to compel more sufficient responses to Interrogatory Nos. 10 and 13 and Requests for Production Nos. 11, 13, 26 and 28.  ECF No. 19-1 at 2–5.  These interrogatories seek information regarding the identities of other tenants and complaints related to the property

1

including pest control issues, and the Requests for Production seek contracts/leases and listing agreements or brochures reflecting efforts to lease the property. *Id.*

Defendant argues that Plaintiff has re-leased the unit but refuses to produce a copy of the lease and negotiation documents relating to the lease, which is relevant to the lost rents claim and pest control issues. *Id.* at 6–7, 9. It further asserts that Plaintiff responded to discovery indicating that Defendant was the only commercial tenant to complain about pest control issues but another tenant's response to a subpoena duces tecum indicates it notified Plaintiff of pest issues. *Id*. at 5–6, 8. Defendant asks that the "boilerplate objections" be overruled. *Id.* at 7.

In Opposition, Plaintiff asserts that discovery issues were raised during a Rule 37 conference and addressed by subsequent email, after which nothing was heard until the motion. ECF No. 27 at 1. Plaintiff argues that the discovery has highly questionable relevance, seeks information already in Defendant's possession or that Plaintiff does not possess. *Id.* Plaintiff argues that Interrogatory No. 10 is overbroad because it seeks information as to all tenants, including the hundreds of residential tenants. *Id.* at 2. With regard to commercial tenants, Plaintiff argues that the information about other tenants on the other side of the commercial block is not relevant and the information sought is available to Defendant through other means. *Id.* With regard to Interrogatory No. 13, Plaintiff disputes Defendant's characterization of an email regarding rodent debris with tenant Willa Jean and asserts that it does not consider that inquiry to be a "complaint" about pest control. *Id.* With regard to the document requests regarding leases, Plaintiff argues that the new lease is not relevant, Defendant has already obtained same in response to subpoenas issued to the new tenant and responded in January that it would produce same pursuant to a confidentiality order. *Id.* at 3. Plaintiff asserts that it does not have the documents responsive to Request for Production Nos. 13 and 26. *Id.* at 4.

In Reply, Defendant argues that Plaintiff's failure to provide a list of tenants precludes its efforts to conduct reasonable discovery. ECF No. 28 at 2. Defendant also argues that Plaintiff has too narrowly construed the term "complaint" to the extent it omitted from production documents reflecting its own employee's acknowledgment that the rodent issues are "FINALLY starting to get better." *Id.* at 2–3. Defendant argues any provision in the new lease relating to rodents is relevant to its defense, as is the precise time Plaintiff sought to re-lease the property. *Id.* at 3–4.

## II.    APPLICABLE LAW AND ANALYSIS

### A. The Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes parties to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Information need not be admissible into evidence to be discoverable. *Id.* Rather, the information merely needs to be ***proportional*** and ***relevant*** to any claim or defense. *Id.*

Rule 26's advisory committee comments make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. *See* FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." *Id.* "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

The threshold for relevance at the discovery stage is lower than the threshold for relevance

of admissibility of evidence at the trial stage.[1]  At the discovery stage, relevance includes "any

matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that

is or may be in the case."[2]  Discovery should be allowed unless the party opposing discovery

establishes that the information sought "can have no possible bearing on the claim or defense of

the party seeking discovery."[3]  If relevance is in doubt, a court should allow discovery.[4]

### 1. Objections

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[5] and

courts have long interpreted the rules to prohibit general, boilerplate objections.[6]  Boilerplate

objections use standardized, ready-made or all-purpose language without regard to the particular

discovery request.[7]  Proper objections must be specific and correspond to specific discovery

requests.[8]  Further, it is improper for parties responding to discovery to provide responses with the

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

[2] *Id*. (brackets and citations omitted).

[3] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

[4] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

[5] 8B CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2173 (3d ed. 2021).

[6] *See, e.g.*, *Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (citation omitted) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request"); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990) (objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each . . . [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate) (citations omitted).

[7] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co*., No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (citation omitted) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case"). Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request. *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).

[8] *Dickey v. Apache Indus. Servs., Inc*., No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests.  But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").

caveat that they are given "subject to and without waiving" objections. Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[9]

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[10] The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[11] Any objection must clearly state how the information sought is not relevant to any claim or defense or how the request is overbroad, burdensome or oppressive.[12]

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[13] Objections interposed without also indicating whether any document or information is being withheld are improper.[14] Responses

---

[9] *Heller v. City of Dallas*, 303 F.R.D. 466, 486–87 (N.D. Tex. 2014) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [, but the practice] 'manifestly confus[es] (at best) and mislead[s] (at worse)[] and has no basis at all in the Federal Rules of Civil Procedure.'" (citation omitted)).

[10] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

[11] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (citation omitted).

[12] *Chevron*, 2015 WL 269051, at *3 (citation omitted) (noting objections are boilerplate and insufficient if they merely state the legal grounds for objection without specifying how the discovery request is deficient and specifying how the objecting party would be harmed if it were forced to respond).

[13] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[14] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

must also clearly state whether any responsive materials are being withheld and the specific basis

for objecting and not producing same.[15]

### 2. Possession, Custody or Control

A party responding to discovery must produce responsive documents not only that are

within that party's actual, physical possession, but also documents that are within the party's

constructive possession, custody, or control. FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1). A party

has "control" over documents or materials that it has the legal right to obtain even though it has

no copy and even if the documents are owned or possessed by a nonparty.[16] Thus, documents

owned or possessed by agents, attorneys, hired consultants, and other third parties hired by a party

that the party can reasonably obtain the requested information from upon its own request fall within

that party's custody or control.[17]

The burden is on the party seeking discovery to show that the other party has control over

the material sought.[18] To establish control over documents in the possession of a non-party, the

movant must typically show that there is "a relationship, either because of some affiliation,

employment or statute, such that a party is able to command release of certain documents by the

non-party person or entity in actual possession."[19] Factors to consider in determining whether a

party has "control" of materials include whether the party could secure the materials from the non-

party to meet its own business needs or whether, by virtue of stock ownership or otherwise, the

---

[15] *Id*. (citation omitted) ("Objections that fail to provide an appropriate factual basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").

[16] *Becnel v. Salas*, No. MC 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[17] *Becnel*, 2018 WL 691649, at *3 ("'Control' ... extends to materials which the party to whom the request is made has the legal right to obtain ..., even though in fact it has no copy.") (brackets in original) (citing cases); *Dillard Univ. v. Lexington Ins. Co*., No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (Materials provided by the party to its hired consultants may be within that party's possession, custody, or control) (collecting cases).

[18] *Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, L.L.C*., No. 17-405, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019) (citation omitted).

[19] *S.Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014) (citations omitted).

party effectively controls the other entity.[20]  The key is whether the responding party could come

into possession of the requested document upon reasonable inquiry.[21]

The Court cannot, however, compel a party to produce documents that do not exist.[22]  When

an attorney, as an officer of the court, represents that documents do not exist, courts may require

a certification or "confirmation" that the discovery at issue does not exist.[23]  If the other party has

or acquires evidence that the response is incomplete or that the affidavit or representation is false,

then other remedies may be sought by motion.[24]

### B. Analysis

The specific requests and responses read:

**INTERROGATORY NO. 10:**

Please identify all tenants who are currently leasing from you at the Property.

**ANSWER TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory as seeking information which is irrelevant and

---

[20] *Benson v. Rosenthal*, No. 15-782, 2016 WL 1046126, at *4 (E.D. La. Mar. 16, 2016) (citations omitted) (noting that, "under some circumstances courts interpret the control concept to go beyond whether the litigant has a legal right to obtain materials and focus on practical ability to obtain them.").

[21] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *3–*4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).

[22] *Butler v. La. Dep't of Pub. Safety & Corrs.*, No. 12-420-BAJ-RLB, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *accord Payne v. Forest River, Inc.*, No. 13-679-JJB-RLB,  2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc*, No. 17-312-BAJ-RLB, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).

[23] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80-BAJ-RLB, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see also Callais*, 2018 WL 6517446, at *7 (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs.*, No. 3-13-772 HTW-LRA, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First American Real Estate Info. Servs., Inc*., No. 3-04-1059-B, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").

[24] *Henderson v. Compdent of Tenn., Inc*., No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).

immaterial to the subject matter of the instant litigation. Plaintiff further objects to this Interrogatory as seeking the disclosure of confidential proprietary and commercial information.[25]

Apparently Defendant will argue that it was entitled to vacate the premises because of rodent issues that Plaintiff failed to address. Evidence of rodent issues experienced by other commercial tenants is relevant to its defense. Therefore, Defendant's request for the identity of all commercial tenants is relevant to its defenses to the breach of contract case and proportional to the needs of the case. The identities of every residential tenant, however, appears excessive and unnecessary. Accordingly, Plaintiff must provide Defendant with a complete list of all commercial tenants in the building but need not identify all residential tenants.

**INTERROGATORY NO. 13:**

Please identify any party that made a complaint related to the Property and pest control issues from January 1, 2022 to present.

**ANSWER TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory on the basis that it is ambiguous and vague. Subject to and without waiving the foregoing, aside from Defendant, there is no record of complaint by any tenant. [N]o tenants have made complaints regarding pest control issues because tenants are responsible for their own pest control by the terms of the Lease.[26]

Any complaints (whether falling within Plaintiff's definition of a "complaint" or simply a tenant's mention of pest or rodent issues) is relevant to the defense in this case. Accordingly, Plaintiff must supplement its response to Interrogatory No. 13 to identify of any party who complained (in the general sense) about pest control issues between January 1, 2022, and the date Defendant vacated the premises.

---

[25] ECF No. 19-3 at 8.
[26] *Id.* at 9.

**REQUEST FOR PRODUCTION NO. 11**

Please produce any contract and/or other document related to re-letting the subject property, including any and all Lease Agreement[s] and/or contract to Lease the property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this Request as seeking commercial and/or proprietary information. Plaintiff further objects to this Request as seeking irrelevant and/or immaterial information and/or documentation. Subject to and without waiving the foregoing, see Response to Request for Production No. 10, including the objections contained therein.[27]

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any brochures, listing agreements, listings, or other documents in connection with your alleged effort to re-let the subject property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

See Response to Request for Production No. 10, including the objections contained therein.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce any real estate listing created and published in your effort to lease the unit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this Request as irrelevant and that such listings, if any, were created and published by a third party. Therefore, Plaintiff objects to this Request as overly broad in scope and unduly burdensome considering it is disproportionate to the needs of the case, the amount involved, and the issues at stake.[28]

Defendant must produce documents reflecting communications with leasing agents seeking to re-lease the property between Defendant's December 27, 2023 Notice of Closing and Plaintiff's re-leasing of the property to the new tenant, whether such documents are in its actual or constructive possession custody or control.  If no documents exist, counsel must provide a

---

[27] The Response to Request for Production No. 10 states:
   Plaintiff objects to this Request as overly broad in scope and to the extent that the request is unduly burdensome and/or the burdens of production are disproportionate to the benefits, as the request is disproportionate to the needs of the case, the amount involved, and the issues at stake. Plaintiff additionally objects to this Request on the grounds that it constitutes a fishing expedition and seeks information and/or documentation which is irrelevant and/or immaterial to the subject matter of this action.
[28] ECF No. 19-3 at 8–9, 16.

certification that the documents do not exist or, after diligent effort in compliance with the

obligations under Rule 34, no responsive documents have been located.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce any agreements involving leasing of the Property, including but not limited
to a Lease, Agreement to Lease and any accompanying documentation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this Request to the extent that it seeks documentation or information
already in the possession of Defendant. Plaintiff additionally objects to this Request to the
extent that it is overly broad, as there is no limit in temporal scope, and that the language
"any accompanying documentation" and the "Property" are overly vague. Plaintiff further
objects to this Request as seeking the disclosure of confidential proprietary and commercial
information. Subject to the foregoing, please see the attached invoice regarding the rent
due for the new lessee, attached hereto with bates stamps SM 371.[29]

Defendant seeks a copy of the lease agreement with the new tenant, both to address

Plaintiff's claim for lost rents as well as to establish that Plaintiff's awareness of rodent issues

resulted in addition of certain lease provisions to address the same.  The lease terms are relevant

and proportional to the needs of the case.  While a party need not produce duplicative information,

it is unclear whether Defendant has obtained a complete copy of the lease with the new tenants.

Accordingly, Plaintiff must provide Defendant with a full copy of the lease agreement, subject to

an appropriate protective order precluding disclosure of same and limiting its use to this litigation.

Further, Plaintiff's objections of ambiguity, vagueness and overbreadth in response to

Interrogatory No. 13 and Request for Production Nos. 26 and 28 are overruled as improper

boilerplate objections.  In each instance, Plaintiff fails to specify how the discovery request is

ambiguous, vague, or overbroad, or tie the objection to the particular requests.

## III.     CONCLUSION

Accordingly, for the foregoing reasons,

---

[29] *Id.* at 23.

IT IS ORDERED that Defendant's Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that supplemental responses be delivered within 14 days.

New Orleans, Louisiana, this ___22nd___ day of April, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE